IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAROLD W. SMITH, III | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-0313-D |
| | § | |
| UNITED STATES OF AMERICA, ET AL. | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ON ORDER OF RE-REFERENCE

This case has been re-referred to the United States magistrate judge for further consideration in light of the first amended complaint filed by Plaintiff Harold W. Smith III on June 18, 2007-- eleven days after the magistrate judge recommended the dismissal of this case for lack of subject matter jurisdiction.[1] In his order of re-reference, the district judge directed the magistrate judge "to determine whether his findings and recommendation should be modified in view of the allegations of the first amended complaint, and for any other proceedings that he deems necessary in connection with his consideration of defendant's motion to dismiss." *See* Order, 6/21/07.

Plaintiff initiated this civil action by filing an original complaint on February 20, 2007. In that pleading, plaintiff alleged that the United States of America and two Internal Revenue Service ("IRS") employees, Karen W. Gardner and Wallace G. Banks, violated his right to due process and intentionally, recklessly, or negligently disregarded the federal tax laws by failing to conduct a face-

---

[1] As noted by the district judge in his order of re-reference, plaintiff was allowed to file his first amended complaint without leave of court because none of the defendants had answered or moved for summary judgment. *See* Fed. R. Civ. P. 15(a). Instead, defendants filed a motion to dismiss, which is not a responsive pleading under the federal rules. *See* Fed. R. Civ. P. 12(b).

to-face Collection Due Process ("CDP") hearing before determining his income tax liability for the years 1986, 1987, 1988, 1993, 1994, 1995, and 1996. Plaintiff also asserted a claim under the Paperwork Reduction Act ("PRA"), 44 U.S.C. § 3501, *et seq.* On April 24, 2007, defendants filed a motion to dismiss, arguing that the court lacks subject matter jurisdiction over plaintiff's claims. After plaintiff was given an opportunity to respond to the motion, the magistrate judge recommended the dismissal of plaintiff's due process claim and a related claim under 26 U.S.C. § 7433, as well as plaintiff's PRA claim. The reasons for dismissal are set forth in the magistrate judge's June 7, 2007 recommendation. *Smith v. United States of America*, No. 3-07-CV-0313-D (N.D. Tex. Jun. 7, 2007). As these were the only claims before the court, the magistrate judge recommended dismissal of the entire action for lack of subject matter jurisdiction.

On June 18, 2007, plaintiff timely filed objections to the magistrate judge's recommendation. Those objections are currently pending before the district judge. Plaintiff also filed a first amended complaint asserting the same claims against the United States, Gardner and Banks, as well as new claims against four other IRS employees--Deborah Glover, Mary J. Howard, Maureen A. Judge, and a "Ms. Reed." Nothing in plaintiff's first amended complaint causes the magistrate judge to reconsider his recommendation that the federal due process claims, section 7433 claims, and PRA claims against the United States, Gardner, and Banks should be dismissed. However, it would be premature to recommend any action with respect to the new claims against the new defendants. Because plaintiff is not a prisoner and has paid the statutory filing fee, his pleadings are not subject to screening under 28 U.S.C. §§ 1915(e) or 1915A. Plaintiff should be permitted to serve his amended complaint on the newly joined defendants who, in turn, may either file answers or Rule 12 motions, as appropriate.

## CONCLUSION

The magistrate judge adheres to his June 7, 2007 recommendation dismissing plaintiff's due process claims, section 7433 claims, and PRA claims against the United States of America, Karen W. Gardner, and Wallace G. Banks. Plaintiff should be permitted to serve his first amended complaint on Deborah Glover, Mary J. Howard, Maureen A. Judge, and Ms. Reed. To the extent plaintiff's first amended complaint includes new claims against the United States, Gardner, and Banks, those defendants may be served as well.

DATED: June 25, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE